UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HALE-HALSELL COMPANY, | ) | Case No. 04-11677-R |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| SANDRA L. HAWK, Personal | ) | |
| Representative of the Estate of | ) | |
| Robert D. Hawk, Sr., Deceased, and | ) | |
| SANDRA L. HAWK, Individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-01153-R |
| | ) | |
| HALE-HALSELL COMPANY, THE | ) | |
| F&M BANK & TRUST COMPANY, | ) | |
| CITIZENS UNION STATE BANK & | ) | |
| TRUST f/k/a Missouri State Bank & | ) | |
| Trust Company, | ) | |
| | ) | |
| Defendants | ) | |
| and | ) | |
| | ) | |
| THE OFFICIAL UNSECURED | ) | |
| CREDITORS COMMITTEE, | ) | |
| | ) | |
| Intervenor. | ) | |

Filed/Docketed
August 9, 2006

**ORDER GRANTING IN PART AND DENYING IN PART APPLICATIONS
FOR AN EXTENSION OF TIME TO RESPOND TO THE DEFENDANT, THE
F&M BANK & TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Application for an Extension of Time to Respond to the Defendant, The F&M Bank & Trust Company's Motion for Summary Judgment (Adv. Doc. 51) filed by Sandra L. Hawk, Personal Representative of the Estate of Robert D. Hawk, Sr. (the "Personal Representative"), on August 2, 2006, and the Application for an Extension of

Time to Respond to the Defendant, The F&M Bank & Trust Company's Motion for Summary Judgment (Adv. Doc. 52) filed by Sandra L. Hawk, individually ("Mrs. Hawk"), on August 3, 2006 (collectively, the "Application") (Mrs. Hawk and the Personal Representative are sometimes collectively referred to herein as the "Plaintiffs"); F&M Bank's Objection and Response to Plaintiff's Applications for an Extension of Time to Respond to F&M's Motion for Summary Judgment (the "Objection") (Adv. Doc. 54) filed by The F&M Bank & Trust Company ("F&M") on August 7, 2006; and the Reply to F&M Bank's Objection and Response to Plaintiff's Applications for an Extension of Time to Respond to F&M's Motion for Summary Judgment (Adv. Doc. 56) filed by the Plaintiffs on August 8, 2006, as supplemented by the Supplemental Reply to F&M Bank's Objection and Response to Plaintiff's Applications for an Extension of Time to Respond to F&M's Motion for Summary Judgment (Adv. Doc. 60) filed by the Plaintiffs on August 9, 2006 (collectively, the "Reply").

  On March 15, 2006, Robert D. Hawk, Sr. ("Mr. Hawk") filed a Complaint (Adv. Doc. 1) against F&M, among other defendants, requesting that the Court declare that Mr. Hawk, rather than the Debtor, Hale-Halsell Company ("Hale"), was the owner of certain keyman life insurance policies on the life of Mr. Hawk (the "Policies") on the ground that Hale (the purchaser and beneficiary of the Policies) no longer had an "insurable interest" in the life of Mr. Hawk, and therefore Hale had an obligation to tender the Policies to Mr. Hawk pursuant to Oklahoma insurance law, specifically Section 3604(A)(2) of title 36 of the Oklahoma Statutes ("Section 3604(A)(2)").  With respect to F&M, who claims a security interest in the

Policies and their proceeds, Mr. Hawk further sought a declaration that "any rights of F&M . . . would attach solely to the consideration due Hale-Halsell upon the tender."  Complaint at 4.  Mr. Hawk also alleged that his interest in the Policies was superior to any potential purchaser of the Policies and that the purchaser would be subject to the same law requiring tender of the Policies to Mr. Hawk because such a purchaser would lack any "insurable interest" in Mr. Hawk's life.

On March 29, 2006, Mr. Hawk died.  On or about May 4, 2006, Mrs. Hawk was appointed as the Personal Representative of Mr. Hawk's estate.

Prior to the filing of the Complaint and prior to the death of Mr. Hawk, Hale had sought authority to sell the Policies to third parties (the "Sale Motion"), which drew an objection from Mr. Hawk.  The factual and legal premises underlying Mr. Hawk's objection to the proposed sale of the Policies paralleled the allegations and remedies sought by Mr. Hawk in the Complaint.  Several evidentiary hearings were conducted on the Sale Motion.  Also in connection with the Sale Motion, the parties discovered the existence of a Senior Management Retirement Agreement between Hale and Mr. Hawk, ("SMRA"), which F&M (and other defendants) allege contains a disclaimer by Mr. Hawk of any right to or interest in the Policies.  Upon the death of Mr. Hawk, the Sale Motion became moot.  In recognition of the fact that the facts and legal issues relevant to this adversary proceeding had already been well developed in connection with the aggressive litigation of the Sale Motion by Mr. Hawk and Hale (and the other defendants), the Scheduling Order entered in this adversary

3

proceeding on June 28, 2006, provided for a somewhat expedited discovery deadline of September 15, 2006.

On July 28, 2006, the Court entered an order formally permitting the substitution of the Personal Representative for Mr. Hawk as a plaintiff (Adv. Doc. 47).  The Court also permitted Mrs. Hawk to join as a plaintiff in her individual capacity, and ordered the plaintiffs to file an amended complaint that represented the current posture of the case (in light of the death of Mr. Hawk and Hale's abandonment of its Sale Motion).  The Personal Representative and Mrs. Hawk are represented by counsel that represented Mr. Hawk prior to his death.

The Personal Representative and Mrs. Hawk filed their Amended Complaint (Adv. Doc. 49) on July 28, 2006, seeking, among other things, a declaration (1) that the Personal Representative, as successor in interest to Mr. Hawk, is the owner of the Policies due to the failure of Hale to tender the Policies to Mr. Hawk upon the termination of its "insurable interest" in his life as allegedly required by Section 3604(A)(2); (2) that Mr. Hawk designated Mrs. Hawk as the beneficiary under the Policies and she is therefore entitled to the proceeds of the Policies; (3) that F&M's security interest, if any, attaches "solely to the consideration due Hale-Halsell upon tender of the Policies"; and (4) that the SMRA has been rejected by Hale and "is void."  Amended Complaint at 4-5.  Alternatively, if the Court deems the SMRA effective and to the extent the SMRA provides for benefits to Mrs. Hawk as a beneficiary under the SMRA, Mrs. Hawk seeks an equitable lien in the proceeds of the

Policies. Amended Complaint at 5-6. Further in the alternative, Mrs. Hawk claims both the proceeds of the Policies and benefits under the SMRA. Amended Complaint at 6.

On July 28, 2006, F&M filed a Motion for Summary Judgment and Brief in Support ("MSJ") (Adv. Doc. 50). F&M sets out forty-eight facts, supported by affidavits or other documents, that it contends are undisputed, and seeks a declaration as a matter of law that Hale never had an obligation to tender the Policies to Mr. Hawk under Section 3604(A)(2) because the law provides that tender of a policy to the insured need not be made if there is "an agreement to the contrary," and that the SMRA contains a waiver by Mr. Hawk of any rights in any insurance policy or proceeds thereof that Hale may have purchased to fund its obligations under the SMRA. MSJ at 11-13. F&M also argues that it is undisputed that by executing certain documents, Mr. Hawk consented to the pledge of the Policies as collateral and thus he entered into "an agreement to the contrary" to any rights he might have had under Section 3604(A)(2). MSJ at 13-15. F&M also argues that the undisputed facts indicate that Hale's insurable interest in Mr. Hawk's life never terminated and therefore the obligation to tender the Policies to Mr. Hawk under Section 3604(A)(2) never arose. MSJ at 15-17. In addition, F&M contends that Section 3604(A)(2) does not apply because Mr. Hawk himself "procured" the Policies for the benefit of Hale, citing Section 3604(A)(1). MSJ at 16-17. F&M further argues that F&M's security interest in the Policies has already been determined by the Court by virtue of final non-appealable orders and therefore to the extent the Plaintiffs seek to invalidate F&M's security interest in the Policies, the Amended Complaint is an improper collateral attack on such orders. MSJ at 17-19. F&M also urges that Section

3604(A)(2), to the extent that it is applicable to this case, is preempted by the Bankruptcy Code.  MSJ at 19-20.  Finally, F&M contends that the waiver provision of the SMRA precludes the Plaintiffs from asserting an equitable lien in the Policies.  MSJ at 20-21.

Currently, the Plaintiffs' response to the MSJ is due on August 14, 2006.  In the Application, as modified by the Reply, the Plaintiffs seek an extension of time to respond to the MSJ until September 20, 2006 (five days after the close of discovery).  F&M consents to a seven day extension of time, or until August 21, 2006.  The Plaintiffs argue, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (made applicable herein by Bankruptcy Rule 7056) ("Rule 56(f)"), that because Mr. Hawk is unavailable due to his death, the Plaintiffs must discover information from other sources in order to refute F&M's statement of undisputed facts.

> Rule 56(f) provides –
>
> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).  "A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that 'explain[s] why facts precluding summary judgment cannot be presented.  This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'"  Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006), *quoting* Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992).  "'[T]he nonmovant must also explain how additional time will enable him to rebut the

movant's allegations of no genuine issue of material fact.'" Id., *quoting* Campbell, 962 F.2d at 1522. The Rule 56(f) affidavit must "'state[] with specificity how the additional material will rebut the summary judgment motion.'" Id., *quoting* Ben Ezra, Weinstein, & Co. v. Am. Online Inc., 206 F.3d 980, 987 (10th Cir. 2000). "[A] summary judgment movant's exclusive control of information 'is a factor favoring relief under Rule 56(f).'" Id., *quoting* Price v. Western Resources, Inc., 232 F.3d 779, 784 (10th Cir. 2000). But "exclusive control does not . . . require automatic relief under Rule 56(f)." Id., *quoting* Price, 232 F.3d at 784.

In this case, by virtue of the Affidavit of Douglas R. Haughey, one of the attorneys for the Plaintiffs (the "Haughey Affidavit"), the Plaintiffs explain why they believe they cannot present facts by affidavit at this time (*i.e.*, due to the death of Mr. Hawk, evidence that might have been provided by Mr. Hawk by affidavit is unavailable and such evidence must be procured from other witnesses) and they articulate the steps taken thus far to obtain discovery in this case (*i.e.*, scheduling of depositions of the insurance broker, requesting documents and testimony from representatives of the insurers, requesting documents from and a possible deposition of a representative of Hale, and an intention to demand documents from F&M and schedule the deposition of an F&M officer),[1] but the Plaintiffs have not identified one single material fact (of those set forth by F&M as undisputed) that they intend to dispute after such discovery is conducted, nor have they stated what the probable

---

[1] According to the Haughey Affidavit, much of this discovery will occur prior to the response date agreed to by F&M.

7

testimony or documentary evidence they seek to refute such a fact will be.[2]  Thus, the Court cannot determine whether the discovery envisioned will enable the Plaintiffs to establish a genuine triable issue of material fact or enable the Plaintiffs to assert additional facts to rebut the legal propositions set forth in the MSJ.  In the absence of evidence that discovery is essential to rebut a specific fact, halting the progress of a well-pleaded dispositive motion pending the *completion* of discovery (as the Plaintiffs request) defeats one of the purposes of providing an avenue for the early adjudication of issues that are amenable to determination as a matter of law–that is, curtailing the expense (to all parties) of needless discovery.[3]

Accordingly, the Court finds and concludes that the Plaintiffs have not met the standard established by the Tenth Circuit to defer ruling on a motion for summary judgment pending the completion of certain essential discovery.  As F&M has consented to a seven day extension of time to respond to the MSJ, the Plaintiffs shall file their response to the MSJ on or before August 21, 2006.

The Application is therefore granted in part and denied in part.

---

[2]As stated above, the facts and legal issues relevant to this adversary proceeding were fairly well developed during the litigation on the Sale Motion, in which counsel for Plaintiffs fully participated as counsel for Mr. Hawk.

[3]"'If all one had to do to obtain a grant of a Rule 56(f) motion were to allege possession by movant of certain information [and] other evidence [,] every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files.'"  Price, 232 F.3d at 784, *quoting* Vivid Techs, Inc. v. Am. Sci. and Eng'g, Inc., 997 F.Supp. 104, 107 (D. Mass. 1998), *quoting* Keebler Co. v. Murray Bakery Prods., 866 F.2d 1386, 1389 (Fed. Cir. 1989).

8

**SO ORDERED** this 9th day of August, 2006.

*/s/ Dana L. Rasure*

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE